**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ZURICH AMERICAN INSURANCE ) <br> COMPANY, as successor-in-interest to ) <br> ZURICH INSURANCE COMPANY, and ) <br> AMERICAN GUARANTEE AND LIABILITY ) <br> INSURANCE COMPANY, ) <br> ) <br>      Plaintiffs, ) <br> ) <br>      v. ) <br> ) <br> ) <br> WATTS REGULATOR CO. AND WATTS ) <br> WATER TECHNOLOGIES, INC. F/K/A ) <br> WATTS INDUSTRIES, INC., ) <br> ) <br>      Defendants. ) | **COMPLAINT WITH JURY DEMAND** |

**COMPLAINT**

Plaintiffs Zurich American Insurance Company, as successor-in-interest to Zurich Insurance Company, and American Guarantee and Liability Insurance Company (collectively "Zurich") for their Complaint against Defendants Watts Regulator Co. and Watts Water Technologies, Inc. F/K/A Watts Industries, Inc. (collectively "Watts") state as follows.

**INTRODUCTION**

1.      This is a breach of contract action for monetary damages arising out of insurance agreements entered into between Zurich and Watts for a policy year spanning from June 30, 1985 through June 30 1986 (the "Insurance Program").  The Insurance Program is retrospectively-rated and therefore the parties' rights and obligations continued beyond the policy year at issue to the present.  Watts currently owes Zurich $816,185 plus interest under the Insurance Program.  Zurich has demanded payment from Watts, but Watts has failed to pay the amounts due.  Accordingly, Zurich brings this action to collect the outstanding amounts.

## PARTIES

2.      Plaintiff Zurich American Insurance Company is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006, and a main administrative office or principal place of business located at 1400 American Lane, Schaumburg, Illinois 60196.

3.      Plaintiff American Guarantee and Liability Insurance Company is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006, and a main administrative office or principal place of business located at 1400 American Lane, Schaumburg, Illinois 60196.

4.      Defendant Watts Regulator Co. is a Massachusetts corporation with its principal place of business located at 815 Chestnut Street, North Andover, Massachusetts 01845.

5.      Defendant Watts Water Technologies, Inc. F/K/A Watts Industries, Inc. is a Delaware corporation with its principal place of business located at 815 Chestnut Street, North Andover, Massachusetts 01845.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7.      Venue is proper pursuant to 28 U.S.C. § 1391(a)(1) because the Defendants reside in North Andover, Massachusetts in this District..

## FACTS

8.      Zurich provided Watts with certain workers compensation, general liability, and business auto insurance coverage for the policy period of June 30, 1985 to June 30, 1986.

9.      The Insurance Program entered into by the parties is retrospectively-rated, such that Watts agreed to share in responsibility for its claims up to certain loss limits agreed to by the parties.  True and correct copies of the parties' retrospective premium agreements related to this policy year are attached as Exhibit A.

10.     Watts paid an initial premium sum to Zurich for the Insurance Program.  The Insurance Program then required Zurich to perform periodic retrospective adjustments based on the claims actually incurred and/or paid by Zurich under the policies.

11.     At the time of each retrospective adjustment, depending on how claims had developed during the relevant period, either (a) Watts was required to pay Zurich additional amounts, or (b) Zurich was required to return any excess amounts to Watts.

12.     Zurich has fully complied with its obligations under the Insurance Program. Specifically, Zurich has paid the claims, performed the retrospective adjustments, and calculated the resulting amounts due in accordance with the formulas set forth in the Insurance Program. Zurich has sent invoices to Watts that reflect either the amounts Zurich was returning to Watts, or the additional amounts that Watts was obligated to pay Zurich.

13.     Watts has failed to comply with its obligations under the Insurance Program. Specifically, Watts has failed to pay amounts owed to Zurich as reflected in the invoices for the retrospective adjustments.  There is additional premium owed by Watts to Zurich in the amount of $816,185.  True and correct copies of the unpaid invoices are attached as Exhibit B.

14.     Zurich and Watts entered into a standstill agreement effective October 21, 2008 that preserved and temporarily suspended their respective claims and disputes against and with each other arising out of or relating to the unpaid invoices.  The standstill agreement expired on July 15, 2010.

## COUNT I
## BREACH OF CONTRACT BY DEFENDANTS

15.     Zurich incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

16.     The insurance agreements attached as Exhibit A are valid and enforceable contracts.

17.     Zurich has fully performed its duties under the Insurance Program.

18.     The Insurance Program requires Watts to pay additional premium due in the amount of $816,185 as calculated in the retrospective adjustments attached as Exhibit B.

19.     Without justification or excuse, Watts has breached the provisions of the Insurance Program by failing to pay the additional amounts due from the retrospective adjustments.

WHEREFORE, Zurich requests that the Court grant the following relief:

a.      Enter judgment in Zurich's favor and against Watts in the amount of $816,185;

b.      Enter judgment in Zurich's favor and against Watts for pre-judgment and post-judgment interest;

c.      Grant Zurich any and all other relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues.

Dated:  July 16, 2010                    Respectfully submitted,
Plaintiffs,
By their attorneys,


/s/ Andrew R. Ferguson
Emily G. Coughlin, BBO# 554526
ecoughlin@coughlinbetke.com
Andrew R. Ferguson, BBO# 649301
aferguson@coughlinbetke.com
Coughlin Betke LLP
175 Federal Street
Boston, Massachusetts  02110
(617) 988-8050
(617) 988-8005 (facsimile)


Steven T. Whitmer  *(Pro Hac Vice* to be filed)
SWhitmer@lockelord.com
Julie L. Young  *(Pro Hac Vice* to be filed)
JYoung@lockelord.com
Locke Lord Bissell & Liddell LLP
111 South Wacker Drive
Chicago, Illinois  60606
(312) 443-0254
(312) 896-6254 (facsimile)