United States District Court
District of Massachusetts

```
_____
                              )
ZURICH AMERICAN INSURANCE     )
COMPANY and AMERICAN GUARANTEE)
& LIABILITY INSURANCE COMPANY,)
        Plaintiffs,           )   Civil Action No.
                              )   10-11190-NMG
     v.                       )
                              )
WATTS REGULATOR CO., WATTS WATER)
TECHNOLOGIES, INC., SPENCE    )
ENGINEERING COMPANY, INC., and)
CIRCOR INTERNATIONAL, INC.,   )
        Defendants.           )
                              )
_____)
```

ORDER

GORTON, J.

This breach of contract action arises from a retrospectively rated insurance policy. Zurich American Insurance Company, as successor-in-interest to Zurich Insurance Company, and American Guarantee and Liability Insurance Company (collectively "Zurich") provided Watts Regulator Company and Watts Water Technologies, Inc. ("Watts") and certain affiliated entities with retrospectively-rated insurance coverage whereby Watts paid an initial premium and Zurich subsequently performed periodic retrospective adjustments based on claims received from the insured and paid by Zurich. Zurich alleges that Watts breached its obligations under the contracts by failing to pay Zurich for retrospective adjustments in the aggregate amount of $816,185.

In August 2011, Zurich moved for partial summary judgment,

seeking a determination that Watts is liable under the contract for the retrospective premium payments. CIRCOR International, Inc. ("CIRCOR"), an affiliated entity covered by the policy, has since filed separate motions for summary judgment maintaining that it is not obligated to pay the premiums. The motions were referred to Magistrate Judge Leo Sorokin, who issued a Report and Recommendation ("R&R") recommending that the Court allow Zurich's motion for partial summary judgment, deny CIRCOR's first motion for summary judgment and allow CIRCOR's second motion for summary judgment. Timely objections to the R&R have been filed by all parties.

The pro forma objections filed by Zurich, Spence and CIRCOR reiterate arguments already considered and rejected by Magistrate Judge Sorokin and appear to have been made primarily to preserve the rights of the parties. They are overruled.

Watts, on the other hand, raises the plausible objection that it has adduced sufficient evidence of an oral modification to survive summary judgment.[1] Watts does not object to the legal standard employed in the R&R. It explains, as did Magistrate Judge Sorokin, that an oral contract modification will be enforced even in the presence of a merger clause where evidence of that modification:

---

[1] Watts makes other objections but this is the only one the Court believes warrants further discussion.

> is of sufficient force to overcome the presumption that
> the integrated and complete agreement, which requires
> written consent to modification, expresses the intent of
> the parties.

Cambridgeport Sav. Bank v. Boersner, 597 N.E.2d 1017 (Mass. 1992). Its point of contention is with Magistrate Judge Sorokin's conclusion that although Watts presented some evidence of an oral modification, the proffered evidence was not of sufficient force to override the merger clause.

After careful review of the R&R and Watts's objection thereto, this Court is convinced that Magistrate Judge Sorokin reached the correct conclusion. The contract, which was freely negotiated between sophisticated parties, unambiguously obligates Watts to pay the premium and expressly provides that its terms may not be modified except by written agreement signed by the duly authorized representatives of each company. While discussions were had about amending the contract to require each entity to pay for its own losses, the contract was never modified in writing despite the recognition that the companies would need to "amend the agreements" and "have a meeting of the minds" after the spinoff. Zurich's attempts to facilitate the spinoff by dividing premium invoices among the defendants did not release Watts from its obligation to make the payments under the contracts. In sum, although Watts did adduce some evidence of modification, however slight, the proffered evidence is simply not enough to create a triable issue of fact for a jury.

In light of the foregoing, the Report and Recommendation (Docket No. 125) is hereby **ACCEPTED** and **ADOPTED** over the objections by CIRCOR (Docket No. 128), Zurich (Docket No. 129) and Watts (Docket No. 130), which are **OVERRULED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 22, 2012