UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
ZURICH AMERICAN INS. CO., et al.,      )
                                     )
         Plaintiffs,            )
                                     )
v.                                      )          Civil Action No. 10-11190-NMG
                                     )
WATTS REGULATOR CO., et al.,       )
                                     )
         Defendants.         )
_____ )

ORDER ON MOTION TO COMPEL, MOTION TO REOPEN DISCOVERY
AND MOTIONS TO STRIKE

March 21, 2013

SOROKIN, C.M.J.

The Court enters the following Orders on pending motions:

Watts' Motion to Reopen Discovery

With the exception of a single deposition, fact discovery in this case closed on July 31,

2012. See Docket #s 145, 146.[1] On December 14, 2012, the Plaintiff filed its motion for

summary judgment with respect to damages (the Court having previously allowed its motion for

partial summary judgment on liability).[2] Docket # 157; see also Docket # 125.

_____

[1] The Court ordered that that deposition should occur by September 7, 2012. Docket #
146. Paper discovery appears to have continued beyond the Court's deadline by agreement
between the Parties. See Docket # 200 at ¶¶ 6-7, 9, 20.

[2] This motion, along with dispositive motions filed by Watts, are the subject of a separate
Report and Recommendation issued this same date.

On January 9, 2013, Watts moved to reopen discovery contending that new information received at the end of the discovery period calls into question the Court's prior ruling on partial summary judgment such that the Court should reopen discovery. Docket # 184. On January 29, 2013, Watts opposed Zurich's motion for summary judgment, without filing a motion pursuant to Fed. R. Civ. P. 56(d) stating that it needed additional discovery for that purpose. Docket # 207.

"Trial courts have a responsibility to manage their dockets efficiently, and a necessary corollary of that proposition is that litigants are entitled to a reasonable period of time within which to conduct discovery, not a limitless period." Vineberg v. Bissonnette, 548 F.3d 50, 55 (1st Cir.2008). Factors relevant to the decision to reopen discovery include whether the reason given for needing more time has force and whether further discovery is "likely to lead anywhere productive." U.S. v. Sayer, 450 F.3d 82, 90 (1st Cir.2006); Vineburg, 548 F.3d at 55. Also relevant is the stage reached by the litigation prior to the filing of the motion and the potential for delay if granted. Id. (denial of motion to reopen discovery justified where motion to reopen discovery came when discovery had been closed for over five weeks, the plaintiffs' motion for summary judgment had been pending for nearly three weeks, and the defendant's response was overdue).

Watts first argues that its receipt on December 26, 2012 of "never before seen evidence" in the form of a "Claim Memorand[um]" warrants reopening the case. See Docket # 185 at 1, 4-5. Watts is mistaken, however – it had already received the same document in August, 2012, when both parties were engaged supplementing their document productions. See Docket # 200 at 5 (citing Docket # 201, Affidavit of Julie Young, at ¶¶ 6-9).

Moreover, Watts fails to point to any issue in the case illuminated by the information contained in the Claim Memorandum.

Next, Watts argues that certain documents undermine the Court's statement (in the March 2, 2012 Report and Recommendation adopted by the Court) that at "no time in the fourteen years following the agreement did Zurich do anything other than present a unitary invoice to Watts, and at no point in that time period did Watts do anything other than pay on behalf of its subsidiaries without complaint." Docket # 185 at 7 (citing Docket # 125 at 9 n. 5). Watts's suggestion that recent discovery undermines that statement and/or warrants reopening discovery borders on the frivolous. Putting aside the fact that the Court's decision expressly did not depend upon the challenged statement,[3] the documents cited by Watts are irrelevant. The documents relate to a different insurance program entered into between the Parties between 1991-2001, not the policy or policy year at issue in this litigation (1985-1986). Watts has made no attempt to explain why the Parties' performance under different insurance contracts, entered into in different years, bears in any way upon the issues in dispute in this litigation. Moreover, the Court's statement specifically referred to the pre-spinoff period, while the invoices cited are post-spinoff documents.

Finally, the Court declines to consider the significance, if any, of late-disclosed documents attached to Watts memorandum, but not discussed therein.[4]

---

[3] The challenged statement is introduced by the observation that "even if the Court considered the course of the parties' conduct to define Zurich and Watts's intent at the time they signed the insurance contracts, the parol evidence would confirm the plain language." Docket # 125 at 9 n. 5. (emphasis added)

[4] Notably, notwithstanding its motion to reopen discovery, Watts proceeded to file two motions for summary judgment and to oppose Zurich's own motion for summary judgment. Aside from the erroneous statement that Zurich produced the Claim Memorandum (not shown to

Accordingly, the Motion to Reopen (Docket # 184) is DENIED.

Watts Motion to Compel Discovery

Watts moves to compel discovery from Zurich, seeking: (1) the removal of redactions from Zurich's 'Best Practices Manual' and from certain case reports;[5] and (2) a fourteen-day window of time following the receipt of the unredacted documents for Watts to prepare of a motion to re-open deposition discovery (based upon good cause and limited to the redacted material).

No later than June, 2012, Zurich redacted its Best Practices Manual, defending the redactions on the basis of lack of relevance.  It also redacted portions of the case reports on the basis of attorney-client privilege and work product doctrine.  The Scheduling Order in this case provide that the Parties complete would written discovery by June 30, 2012; would complete fact discovery by July 31, 2012; and would complete expert discovery by December 7, 2012, with various subsidiary expert deadlines prior to that date.  The Order further established a deadline of January 8, 2013 for summary judgment motions with a trial date of April 1, 2013.

Watts's Motion to Compel is DENIED.  In the circumstances of this case, this motion seeking further written discovery is untimely.  In addition, the discovery requests cited by Watts as the basis for compelling production of the unredacted Best Practices materials sought only to discover Zurich's best practices pertaining to reserves – a category of documents which Zurich has already produced in redacted form.  The remaining best practices are not within the scope of

be relevant to case issues) at a time when Watts could no longer depose witnesses about it (Docket # 207 at 8 n. 10), Watts does not suggest that it cannot prepare or defend the motions due to its need to take further discovery.

[5] These documents over the years went by a variety of names, but for ease of reference, I shall refer to them as "case reports."

Watts's discovery requests.  As for the case reports, the record before the Court is sufficient to

establish that the redacted information contains privileged information.  Zurich, as it must,

disclaims any effort to rely in any way upon any of the aforementioned redacted material in

establishing its claims.  In this circumstance, the privilege has not been waived by Zurich's

pressing its claims in this litigation.

Accordingly, the Motion to Compel (Docket # 148) is DENIED.

**Motions to Strike**

Watts's Motion to Strike Materials from Zurich's Motion for Summary Judgment

(Docket # 206) is DENIED.  Since the matters referenced therein are "superfluous" and "have

nothing to do with this case," with the Court's attention having now been drawn to that fact by

Watts, their continued inclusion in Zurich's papers is thereafter harmless.

Zurich's Motion to Strike and to Exclude Watts's Expert Lisa Hartman (Docket # 178) is

DENIED with respect to their admissibility at summary judgment.  Watts has not significantly

utilized Hartman's report or opinions in arguing summary judgment and the Court has not relied

upon them in assessing the pending dispositive motions (other than by reference to the discrete

fact that at her deposition, Hartman declined to offer certain opinions).  To the extent that these

issues should remain in limine, Zurich may renew the motion.

SO ORDERED,

_____/s / Leo T. Sorokin_____
Leo T. Sorokin
Chief United States Magistrate Judge